FILED

JAN 22 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INFORMATION |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:26 CR 00046 |
| | ) Title 18, United States Code, |
| SHAWN HEDTKE, | ) Sections 1343 and 2 |
| Defendant. | ) JUDGE PEARSON |

## GENERAL ALLEGATIONS

At all times material to this Information, unless otherwise indicated:

1. Defendant SHAWN HEDTKE resided in or around Strongsville, Ohio.

2. On or about January 29, 2016, Defendant filed articles of organization for Northland Business Solutions, LLC ("Northland"), an Ohio domestic limited liability company.

3. From on or about November 8, 2016, through on or about July 11, 2019, Defendant owned and operated Northland as a copier equipment sales and leasing business in the Northern District of Ohio.

4. Leasing Company-1 was a federally insured financial institution as defined under Title 18, United States Code, Section 20. Leasing Company-1 was headquartered in or around Jacksonville, Florida.

### COUNT 1
(Wire Fraud, 18 U.S.C. §§ 1343 and 2)

The United States Attorney charges:

5. The factual allegations of paragraphs 1 through 4 of this Information are realleged and incorporated by reference as if stated fully herein.

6. From on or about November 8, 2016, through on or about July 11, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant SHAWN HEDTKE, and other persons known and unknown to the United States Attorney, aiding and abetting one another, devised a scheme and artifice to defraud Leasing Company-1 to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, to wit: obtaining payments for copier equipment under false pretenses.

7. It was part of the scheme to defraud that:

    a. Defendant, through Northland, sought out customer businesses to agree to acquire copier equipment through purchase and lease agreements (the "Agreements") that provided for customers to receive equipment, with the acquisition financed by some financial institutions, such as Leasing Company-1, and other entities (collectively, the "Leasing Companies"). Under the Agreements, the Leasing Companies would pay Northland for the equipment and generally acquire title to the equipment, and customers would agree to make periodic payments to the Leasing Companies, with the customers' debts to the Leasing Companies secured by the equipment.

    b. Defendant arranged with Leasing Company-1 and other Leasing Companies that offered financing and secured leases for copier equipment to serve as a vendor for the Leasing Companies, and entered into Agreements, under which Leasing Companies paid Northland for the equipment that had purportedly been delivered to the customers.

    c. Defendant offered copier equipment to customers located in the Northern District of Ohio, and elsewhere, pursuant to the Agreements, including customers who posed a high credit risk and who Defendant knew may be unable to make the required periodic payments.

      d.      From time to time, Defendant offered customers cash rebates for entering into the Agreements, effectively paying customers to enter into the Agreements and receive the equipment.

      e.      From time to time, Defendant entered into Agreements with customers but did not deliver any equipment to those customers.

      f.      From time to time, Defendant delivered to customers copier equipment with different serial numbers than those listed in the Agreements. This copier equipment was worth far less than the amount that the Leasing Companies financed and paid to Northland.

      g.      Defendant prepared and submitted fraudulent lease applications to the Leasing Companies, including Leasing Company-1. Those applications sometimes involved copier equipment collateral (identified by unique serial numbers) that was never delivered, including when the same serial number was listed as the collateral for multiple leases for different customers.

      h.      Defendant submitted invoices to the Leasing Companies, including Leasing Company-1, for the equipment, causing the Leasing Companies to pay Northland approximately $1,767,416.98 for the equipment that Defendant purportedly delivered to customers under the Agreements.

8.      Between November 8, 2016, and July 11, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant and other persons known and unknown to the United States Attorney, aiding and abetting one another, for the purpose of executing and attempting to execute scheme and artifice to defraud described above transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and


sounds, to wit: an invoice to Leasing Company-1 via email that traveled in interstate commerce from Ohio to Florida.

All in violation of Title 18, United States Code, Sections 1343 and 2.

<div style="text-align: right">

DAVID M. TOEPFER
United States Attorney

</div>

By: _____
Elliot Morrison
Chief, White Collar Crimes Unit